UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------ X

**IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

3:09-md-02100-DRH-PMF

**MDL No. 2100**

------------------------------------------------------------

**Judge David R. Herndon**

*Robbie Jordan Thomas v. Bayer AG, et al.* No. 3:10-cv-20526-DRH-PMF

**HERNDON, District Judge:**

## ORDER

### INTRODUCTION

This matter is before the Court on Bayer's Motion to Dismiss or to Strike Expert Reports Under Case Management Order No. 78 (Doc. 18). The plaintiff has responded (Doc. 19) and Bayer has replied (Doc. 20). For the reasons discussed herein, the Court **STRIKES** the plaintiff's expert reports. The plaintiff is **ORDERED** to comply with Section II.D of CMO 78 within 30 days through the submission of expert reports that comply with Fed. R. Civ. P. 26(a)(2)(B) or have her case dismissed with prejudice in accord with CMO 78.

**BACKGROUND**

The above captioned case is subject to the requirements of CMO 78. With regard to expert reports, CMO 78 provides as follows:

> D. All Plaintiffs who are subject to this Order shall also produce expert reports in compliance with Federal Rule of Civil Procedure 26 as follows:
>
> > 1. A Rule 26(a)(2) expert report on general causation concerning the alleged injury; and
> >
> > 2. A Rule 26(a)(2) case-specific expert report.

(CMO 78 § II.D).

The plaintiff produced a document captioned "Plaintiff's Rule 26(a)(2) Disclosure of Expert Testimony" (Doc. 18-1). The two page document provides plaintiff's counsel's view of how "[i]t is expected" two of plaintiff's treating physicians will testify (plaintiff's neurosurgeon, Dr. Paul Peterson and plaintiff's prescribing physician, Dr. Naveen Srinivas). The submission is not signed by either treating physician and was not prepared by either treating physician. Additionally, plaintiff states she may offer further opinion testimony from other, unspecified "treating physicians listed in the plaintiff fact sheet."

Plaintiff contends that because Dr. Peterson and Dr. Srinivas are individual actors and not retained or specially employed to provide expert testimony, their testimony is not subject to the requirements of Rule 26(a)(2)(B). Instead, plaintiff

argues, she need only provide a summary disclosure under Rule 26(a)(2)(C) for each doctor.[1]

## APPLICABLE LAW

With regard to questions of federal law, the Court is governed by the law of the Seventh Circuit. *See McMasters v. U.S.* 260 F.3d 814, 820 (7th Cir. 2001) (in general, the law of the circuit where the transferee court sits governs questions of federal law).[2] *See also Eckstein v. Balcor Film Investors*, 8 F.3d 1121, 1126 (7th Cir.1993), *cert. denied*, 510 U.S. 1073, 114 S.Ct. 883, 127 L.Ed.2d 78 (1994) (law of the transferor forum is only applied when the federal law in question is intended to be geographically non-uniform).

Rule 26 requires experts who are "retained or specially employed to provide expert testimony" to submit a detailed expert report containing a "complete statement" of their opinions, the "facts and data considered," the witness's qualifications, and a statement of compensation. Fed. R. Civ. Pro. 26(a)(2)(B). If,

---

[1] The plaintiff's complaints about the possible expense of obtaining expert reports are without merit and will not be addressed by the Court.

[2] Although the Seventh Circuit has yet to decide which law governs federal claims in cases transferred under 28 U.S.C. § 1407, it has adopted the above rationale when resolving the question under 28 U.S.C. § 1404. *See McMasters v. U.S*., 260 F.3d 814, 819 (7th Cir. 2001); *Eckstein v. Balcor Film Investors*, 8 F.3d 1121, 1126 (7th Cir. 1993), *cert. denied*, 510 U.S. 1073, 114 S.Ct. 883, 127 L.Ed.2d 78 (1994). *See also* Newberg on Class Actions § 10:28 (5th ed.) (With regard to cases transferred by the MDL panel under § 1407, interpretation of federal law operates similarly to interpretation of federal law in cases transferred under § 1404: "there is nothing in the MDL statute, 28 U.S.C.A. § 1407, nor the policies that underlie it, that *per se* mandate a different outcome than the conventional approach as to choosing law for the adjudication of such individualized issues."); *Id.* ("an MDL court will typically apply its own circuit's interpretation of federal law, both if there are federal substantive questions in the MDL case and as to all procedural issues.").

however, "the witness is not required to provide a written report," under Rule 26(a)(2)(B), an expert need only provide a disclosure containing the "subject matter" of his or her testimony and a "summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. Pro. 26(a)(2)(C).

In *Meyers v. National Railroad Passenger Corp.*, 619 F.3d 729, 734 (7th Cir. 2010), the Seventh Circuit held that "a treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report," pursuant to Rule 26(a)(2)(B). *Id*. at 734–35.

## ANALYSIS

As outlined in Bayer's briefing the "expected" testimony of Dr. Peterson and Dr. Srinivas includes determinations that were not made during the course of treating the plaintiff. For example, plaintiff's submission indicates Dr. Peterson is expected to testify that in 2008 the plaintiff suffered a stroke caused by Yaz. However, Dr. Peterson's contemporaneous notes indicate that, at the time of treatment, Dr. Peterson was unsure whether the plaintiff suffered from a stroke and, if she did, Dr. Peterson questioned the role of birth control pills (Doc. 18-2). Additional medical records indicate that Dr. Peterson eventually attributed the plaintiff's injury to a low-grade tumor (Doc. 18-3). Thus, Dr. Peterson's "expected"

testimony exceeds the scope of his treatment of the plaintiff and is subject to the requirements of Rule 26(b)(2)(B).

As to Dr. Srinivas, plaintiff states he will testify that the risks of YAZ outweigh its benefits and that Yaz is "unreasonably dangerous to the consumer." The Court agrees with Bayer; these opinions are clearly not opinions that Dr. Srinivas held when he prescribed Yaz to the plaintiff. If Dr. Srinivas has since developed these opinions, they exceed the scope of his treatment of the plaintiff. Accordingly, Dr. Srinivas is also subject to the requirements of Rule 26(b)(2)(B).

The plaintiff's submission does not comply with the requirements of Rule 26(b)(2)(B). Among other things, it was not "prepared and signed by the witness" as is required under the Rule. Additionally, the submission does not contain "a complete statement of all opinions the witness will express and the basis and reasons for them" or "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). As previously noted, the disclosure merely provides counsel's opinion regarding how the doctors are "expected" to testify.

## CONCLUSION

The plaintiff has failed to provide expert reports that comport with Rule 26(b)(2)(B). The Plaintiff's Rule 26(a)(2) Disclosure of Expert Testimony (Doc. 18-1) is **STRICKEN.** The plaintiff is **ORDERED** to comply with Section II.D of CMO 78 within 30 days through the submission of expert reports that comply with Fed.

R. Civ. P. 26(a)(2)(B) or have her case dismissed with prejudice in accord with CMO 78.

**IT IS SO ORDERED.**

**Signed this 20th day of April, 2016.**

Digitally signed by Judge David R. Herndon
Date: 2016.04.20 13:34:29 -05'00'

**United States District Judge**